UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEFFREY C.,

                     **Plaintiff,**

     v.                                                  6:18-CV-505
                                                                  (FJS/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                     **Defendant.**

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **OFFICE OF PETER W. ANTONOWICZ**<br>148 West Dominick Street<br>Rome, New York 13440<br>Attorneys for Plaintiff | PETER W. ANTONOWICZ, ESQ. |
| **SOCIAL SECURITY ADMINISTRATION**<br>**OFFICE OF REGIONAL GENERAL**<br>**COUNSEL - REGION II**<br>26 Federal Plaza - Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | SERGEI ADEN, ESQ. |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court are Plaintiff's objections to Magistrate Judge Stewart's May 22, 2019 Report-Recommendation and Order. *See* Dkt. No. 15. In his Report-Recommendation, Magistrate Judge Stewart addressed Plaintiff's arguments that the ALJ (1) had failed to apply the treating physician rule properly, (2) had improperly given weight to the opinions of a consultative examiner and a medical expert because they had not treated Plaintiff, (3) should have given Nurse Practitioner Mary van Lieshout's opinion more weight, (4) should not have obtained an expert

opinion in this case, and (5) should have considered whether the record supported a finding of disability as of a later onset date, such as the date that treatment began. *See generally* Dkt. No. 15, Report-Recommendation and Order. After thoroughly addressing Plaintiff's arguments, Magistrate Judge Stewart recommended that the Court (1) deny Plaintiff's motion for judgment on the pleadings, (2) grant Defendant's motion for judgment on the pleadings, and (3) affirm the ALJ's decision.

Plaintiff filed objections to Magistrate Judge Stewart's recommendations. *See* Dkt. No. 15. In his objections, Plaintiff argues that Magistrate Judge Stewart mischaracterized his arguments regarding the weight the ALJ should have accorded to Nurse Practitioner Mary van Lieshout's opinion. *See generally id.*

## II. DISCUSSION

**A.     Standard of review**

When a court reviews a magistrate judge's recommendations, its review is *de novo* as to those recommendations to which a party objects, *see Pizzaro v. Bartlett*, 766 F. Supp. 815, 817 (S.D.N.Y. 1991), and for clear error or manifest injustice as to those recommendations to which a party does not object or makes only conclusory or general objections, *see Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted); *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After conducting its review, "the Court may 'accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge.'" *Linares*, 2009 WL 3165660, at *10 (quoting 28 U.S.C. § 636(b)(1)(C)).

**B.     The weight afforded the opinion of Nurse Practitioner Mary van Lieshout**

Magistrate Judge Stewart noted that the Plaintiff had argued that "the ALJ should have given Nurse Practitioner Mary van Lieshout's opinion more weight, because she is the director of the psychiatric clinic, has a long history of treating Plaintiff, and because the amended regulations provide that nurse practitioners are acceptable medical sources for claims filed after March 27, 2017." *See* Dkt. No. 14 at 12 (citing Pl.'s Mem. of Law at p. 15). Magistrate Judge Stewart rejected this argument because Plaintiff had filed his claim in 2015 and, thus, it was not controlled by the changes to the regulations that Plaintiff cited. *See id.* Thus, Magistrate Judge Stewart concluded that Nurse Practitioner van Lieshout was not an acceptable medical sources for purposes of the ALJ's analysis. *See id.* (citations omitted).

Magistrate Judge Stewart further explained that it was within the ALJ's discretion to determine what weight to give Nurse Practitioner van Lieshout's opinion. *See id.* at 13. Magistrate Judge Stewart noted that "[t]he ALJ explained that he gave her opinion 'little weight' because the opinion was not consistent with the clinical findings of record, it was not consistent with the consultative examination, it was not consistent with some of Plaintiff's statements, and because she does not have the professional expertise of the medical expert to whom the ALJ gave more weight." *See id.* (citing Tr. at p. 17). Therefore, Magistrate Judge Stewart concluded that "[t]he ALJ sufficiently explained his basis for providing Ms. van Lieshout's opinion little weight . . . [and t]aken together, the ALJ's evaluation of the medical opinions was consistent with the law and supports his decision." *See id.*

Plaintiff objects to Magistrate Judge Stewart's findings and recommendation regarding the ALJ's weighing of Nurse Practitioner van Lieshout's opinion. *See* Dkt. No. 15. First, Plaintiff

contends that Magistrate Judge Stewart mischaracterized his arguments. *See id.* at 1. Specifically, Plaintiff asserts that his argument was not that the ALJ should have treated Nurse Practitioner van Lieshout as an acceptable medical source; rather, his argument was that "Nurse Practitioner Mary van Lieshout's opinion was entitled to greater weight under the provisions of SSR 06-03 and 20 CFR § 404.1527(f)(1) rather than the provisions of 20 CFR § 404.1520c." *See id.*

Plaintiff further argues that "[o]nly the finding [of] the severity of an impairment must be supported by evidence from an acceptable medical source. Opinion evidence regarding limitations caused by a severe impairment(s) is not limited to acceptable medical sources, nor is there any reference to 'acceptable medical sources' in either section that deals with the weighing of opinion evidence (20 CFR 404.1527 or 20 CFR 1520c)." *See id.* at 2.

In addition, Plaintiff takes issue with the ALJ's statement that Nurse Practitioner van Lieshout did "'not have the professional expertise of the medical expert[.]'" *See id.* Plaintiff notes, however, that she is the Clinical Director of the mental health clinic. *See id.* Moreover, Plaintiff argues that he "never asserted that the Nurse Practitioner's opinions should be accorded controlling weight . . . [b]ut there is are [sic] many levels of weight to be accorded to opinion evidence between 'controlling weight' and the 'little weight' that the ALJ accorded to her opinions." *See id.*

Moreover, Plaintiff argues that the ALJ should have weighed Nurse Practitioner van Lieshout's "evidence . . . in conjunction with that of the treating psychiatrist, Dr. Giaccio." *See id.* Plaintiff contends that "[t]he ALJ remained silent regarding the professional expertise of the treating psychiatrist. Instead, the ALJ noted the short treating history with Dr. Giaccio. . . . The ALJ never allowed for the longer treating history of the Nurse Practitioner/Clinical Director in weighing her opinions, nor did the ALJ consider her opinions as adding weight to the opinion of Dr.

Giaccio." *See id.* at 2-3.

In sum, Plaintiff asserts that he "did not request that the Nurse Practitioner's opinions receive the same deference as those of a treating physician. . . .[He] requested that the Nurse Practitioner's opinions be accorded more than 'little' weight and that the non-treating Medical Expert be given less than the 'great' weight that the ALJ accorded." *See id.* at 3.

As Magistrate Judge Stewart noted, the ALJ provided substantial reasons for why he gave little weight to the opinions of Dr. Giaccio and Nurse Practitioner van Lieshout. With regard to Nurse Practitioner van Lieshout, the Director of the Mental Health Clinic where Plaintiff was treated, the ALJ explained his reasoning as follows:

> I give the opinion of Mary van Lieshout, RN, little weight (Exhibit 14F). She opined the claimant has marked limitations in almost every single area of functioning (Exhibit 14F). She also noted he would be off-task more than fifty percent of the workday (Exhibit 14F). Interestingly, she noted no use of alcohol and drugs, despite the claimant's own admission that he smokes marijuana regularly (Exhibit 14F, p. 2). This opinion is not consistent with the clinical findings of record. It is not consistent with the consultative examination, which was generally unremarkable. It is not consistent with other records that describe a normal mood and affect (Exhibit 17F, p.2). It is certainly not consistent with the claimant's statement denying depression, anxiety and other psychiatric symptoms (Exhibit 3F, p. 18). Furthermore, nurse van Lieshout does not have the professional expertise of the medical expert, whose opinion is discussed above. Accordingly, I give this opinion little weight.

*See* Dkt. No. 9 at 17.[1]

With regard to Dr. Giaccio, Plaintiff's treating psychiatrist, the ALJ explained his reasoning as follows:

> I give the opinion of Richard Giaccio, M.D., little weight (Exhibit

---

[1] With regard to Dkt. No. 9, the reference to page numbers is to the Bate stamp number located in the lower right hand corner of each page.

> 18F). He also found marked or extreme limitations in nearly every
> area of functioning (Exhibit 18F). He also stated the claimant would
> be off-task for at least fifty percent of the workday (Exhibit 18F, p.3).
> While Dr. Giaccio does have professional expertise, he has a much
> shorter treatment history with the claimant (Exhibit 18F, p.5). This
> opinion is not consistent with the clinical findings of record. It is not
> consistent with the consultative examination, which was generally
> unremarkable. It is not not [sic] consistent with the claimant's
> statement denying depression, anxiety and other psychiatric
> symptoms (Exhibit 3F, p.18). Since this opinion is not consistent
> with the clinical findings of record, or most of the opinion evidence of
> record, I give it little weight.

*See id.*

Despite Plaintiff's arguments to the contrary, the ALJ thoroughly explained why he did not give controlling weight to the opinion of Dr. Giaccio and, instead, gave his opinion little weight. Furthermore, the ALJ reviewed all of the appropriate factors in determining how much weight to give Dr. Graccio's opinion, *i.e.,* "(1) the frequency, length, nature and extent of treatment, (2) the amount of medical evidence supporting the opinion, (3) the consistency of the opinion with the remaining medical evidence and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013). Finally, the ALJ stated the reasons for his decision not to accord controlling weight to Dr. Giaccio's opinion, with references to the record.

With regard to Nurse Practitioner van Lieshout, Plaintiff argues in his objections that he only "requested that the Nurse Practitioner's opinions be accorded more than 'little' weight and that the non-treating Medical Expert be given less than the 'great' weight that the ALJ accorded." *See* Dkt. No. 15 at 3. Furthermore, Plaintiff "asserted that the Nurse Practitioner's opinions be considered as lending additional weight to the consistent opinions offered by Dr. Giaccio." *See id.* Once again, despite Plaintiff's assertion to the contrary, the record demonstrates that the ALJ reviewed all of the appropriate factors and stated his reasons for his decision to accord Nurse

Practitioner van Lieshout's opinions little weight.

Accordingly, for the above-stated reasons, the Court concludes that the ALJ properly assessed the opinions of Dr. Giaccio and Nurse Practitioner van Lieshout and adequately explained his reasoning for according those opinions the weight that he did. Moreover, based upon its *de novo* review of the record, the Court concludes that there was substantial evidence in the record to support the ALJ's decision regarding the opinions of all of the experts and to support his decision that Plaintiff was not disabled.

### III. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's May 22, 2019 Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein and in this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 12, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 13, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Date: June 14, 2019
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Judge